UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **HEIDI ERICKSON,** | **CIVIL ACTION NO. 5:14-375-KKC** |
|     **Plaintiff,** | |
| **V.** | **MEMORANDUM OPINION AND ORDER** |
| **COMMONWEALTH OF KENTUCKY, et al.,** | |
|     **Defendants.** | |

    This matter is before the Court on Defendants' Motion for Partial Judgment on the Pleadings, or in the alternative, Partial Summary Judgment. (DE 3). For the reasons set forth below the Court will grant Defendants' motion for partial summary judgment.

## I. BACKGROUND[1]

    Plaintiff's claim arises from her disagreement with the result of the Kentucky Cabinet for Health and Family Services' (the "Cabinet") final decision denying Plaintiff full Supplemental Nutritional Assistance Program ("SNAP") benefits. (DE 1-1.) Plaintiff's chief complaint concerns the Cabinet rejecting a deduction for expenses related to the training and care of her dog. (DE 1-1.) The Cabinet argues that its determination was based on established State policy regulating allowances for "service dogs." Plaintiff responds that the State's service dog qualifications are discriminatory and inconsistent with governing federal law. She also contends that the Cabinet's Final Order reversing a favorable "recommended decision" was the result of "fraud" due to an *ex parte* communication. (DE 1-1 at 2.) To remedy these alleged wrongs Plaintiff sought review in Madison County Circuit

---

[1] The facts are recited in the light most favorable to the Plaintiff.

Court. (DE 1-1.) Defendants concede that she is entitled to this review under Kentucky law. (DE 3-1 at 1.)

Consistent with her history of superfluous and expansive litigation, Plaintiff Erickson did not limit her claims to challenging the agency decision. (DE 3-1 at 5–11.) She also alleged discrimination in violation of the Americans with Disabilities Act ("Count I"); deprivation of her Fourteenth Amendment rights under 42 U.S.C. § 1983 ("Count II"); unlawful discrimination in violation of KRS 344.130 ("Count III"); and a state law outrage claim ("Count IV"). (DE 1-1 at 18–21.) Defendants filed a notice of removal in this action on September 19, 2014. (DE 1). Other than Plaintiff's request for review of the Cabinet's decision on her SNAP benefits, all of her claims fail as a matter of law. Consequently, this matter will be remanded to the appropriate state forum for disposition of Plaintiff's remaining claim.

## II. ANALYSIS

### A. STANDARD OF REVIEW

Since Defendants refer to matters outside the pleadings, the motion will be construed as a motion for summary judgment under Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(d). Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving parties bear the initial burden and must identify "those portions of the pleadings . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal citations omitted). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim.

*Id.* at 322–25. Once the movant meets the initial burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

Defendants identify numerous deficiencies in Plaintiff's complaint, many of them left unaddressed by Plaintiff's response. (DE 20 at 5–6.) The Court will address only as many of these errors as necessary to dispense with this action.

## B. COUNT 1 -- ADA DISCRIMINATION

Plaintiff alleges that the Cabinet violated the Americans with Disabilities Act, 47 U.S.C. § 12103–12213 ("ADA"). Only Plaintiff's Title II claims against Defendant agencies and individuals in their official capacity need be addressed here because Title II does not create a cause of action against officials in their personal capacities. *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 808 n.1 (6th Cir. 1999). On its face, Title II prohibits only discrimination by "public entities." 42 U.S.C. § 12132. It also makes clear that individuals are not "public entities." *See* 42 U.S.C. § 12131(1) Thus, Plaintiff's personal capacity claims against officials under Title II fail as a matter of law.

3

"To make out a prima facie case under Title II of the ADA, Plaintiffs must establish that (1) they have disabilities; (2) they are otherwise qualified; and (3) they are being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program . . . because of their disabilities." *Ewbank v. Gallatin Cnty., Ky.*, 2006 WL 197076, at *5 (E.D. Ky. Jan. 17, 2006) (citing *Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir.2003)). Plaintiff appears to premise her ADA claims on a restriction of access to SNAP benefits "because she chooses to use a service dog." (DE 1-1 at 12.) She claims that SNAP regulations require deduction of expenses related to her service dog. (DE 11 at 4.) Particularly, Plaintiff points to 7 C.F.R. § 273.9(d), which states in relevant part that: "Deductions shall be allowed only for the following household expenses: . . . That portion of medical expenses in excess of $35 per month . . . incurred by any household member who is elderly or disabled as defined in § 271.2 [including] . . . [s]ecuring and maintaining a seeing eye or hearing dog." 7 C.F.R. § 273.9(d). The Plaintiff does not claim that her "service dog" is a seeing eye or hearing dog. Thus, the Cabinet merely acted in compliance with SNAP's governing regulations in denying this deduction.

To the extent Plaintiff argues that the State is implementing a discriminatory statute, her claim has no merit because "nothing in the [ADA] requires that any benefit extended to one category of handicapped persons also be extended to all other categories of handicapped persons." *See Traynor v. Turnage*, 484 U.S. 535, 549 (1988) (interpreting the Rehabilitation Act); *see also Johnson v. City of Saline*, 151 F.3d 564 (6th Cir. 1998) (looking to the Rehabilitation Act for guidance in construing the ADA). As noted above, the deduction sought by Plaintiff is *only* given to "elderly or disabled" individuals. Obviously, the benefit here was not denied because Plaintiff was disabled, it was denied because she did not meet the criteria for a "special benefit" given to certain disabled individuals "that is

4

not provided to other disabled [individuals]." *Traynor*, 484 U.S. 535, 549. "[T]he exclusion of a specific class of handicapped persons from aids, benefits, or services limited by Federal statute or executive order to a different class of handicapped persons is [permitted] by" the very regulation that prohibits disability discrimination in programs like SNAP. 45 C.F.R. § 84.4.

The Department of Agriculture is entitled to respect for its decision that SNAP's limited resources were best allocated to aid those classes of disabled individuals with the greatest need for "service animal" support. The promulgated regulations reflect their conclusion that the hearing and vision impaired were most in need of such benefits. *See* 7 C.F.R. § 273.9(d). The Cabinet decision is consistent with the SNAP implementing regulations and it does not provide a valid basis for Plaintiff's ADA discrimination claim. Defendants are entitled to judgment on this claim as a matter of law.

### C. COUNT 2 – § 1983 DUE PROCESS DEPRIVATION

The second count of Plaintiff's complaint does not explicitly state which Fourteenth Amendment right the Cabinet allegedly violated. However, the Court recognizes that Plaintiff is proceeding pro se; therefore, the Court will evaluate the potential claims raised in Plaintiff's filings. To the extent Plaintiff seeks to establish a substantive due process violation, she must allege both (1) a deprivation of a life, liberty, or property interest and (2) that the person who deprived the plaintiff of that right acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's filings make clear that the perceived basis of the wrongs she was subjected to arose from the reduction of her SNAP benefits. The question, then, is whether this reduction denied her a recognizable due process right.

As the Defendants correctly note, this Circuit has held that there is "no protectable property interest in the continuous entitlement to food stamps beyond the expiration of [a]

5

certification period." *Banks v. Block*, 700 F.2d 292, 297 (6th Cir. 1983). Plaintiff responds that *Banks* is factually distinguishable because "the Plaintiff was determined by the Defendant to be both eligible and qualified." (DE 11 at 1.) Regardless of its veracity, this distinction is irrelevant for purposes of a substantive due process claim. The expiration of Plaintiff's certification period extinguished *any* property interest she had in SNAP benefits. The recertification process determined the scope, if any, of Plaintiff's property rights for the challenged period. The Cabinet satisfied the Fourteenth Amendment by giving Plaintiff her reduced benefits. Because Plaintiff does not allege deprivation of a protectable property interest, any substantive due process claim fails as a matter of law.

Even if the Court were to construe Count 2 as a procedural due process claim it would not survive dismissal. To prevail on a procedural due process claim Plaintiff would need to show "(1) that [s]he was deprived of a protected liberty or property interest, and (2) that such deprivation occurred without the requisite due process of law." *Pittman v. Cuyahoga County Dept. of Children and Family Services*, 640 F.3d 716, 729 (6th Cir. 2011). For the reasons set forth above, Plaintiff cannot establish deprivation of any protected interest and, thus, this claim fails the first prong as a matter of law.

### D. COUNT 3 – STATE LAW DISCRIMINATION

In her complaint, Plaintiff advanced an alternative basis for liability under the Kentucky Civil Rights Act (KCRA). (DE 1-1 at 18–21.) However, Plaintiff did not rebut Defendants' responsive claim that the KCRA does not provide a basis for her claims. (DE 3-1 at 23–24). "[W]hile the Kentucky General Assembly enacted certain amendments to the KCRA that generally track the essential language of the employment title of the ADA (Title I), it has not done so with respect to the public services title at issue in this case (Title II)." *Ewbank v. Gallatin County, Ky.*, 2006 WL 197076, *3 (E.D. Ky. 2006). Plaintiff has failed to

meet the burden shifted to her by the Defendants rebutting the statutory basis of this claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Consequently, Defendants are entitled to summary judgment on Count 3.

E. COUNT 4 – STATE LAW OUTRAGE

The Kentucky Supreme Court has adopted the approach of the Restatement Second of Torts in defining the tort of outrage, also known as intentional infliction of emotional distress: "(1) the wrongdoer's conduct must be intentional or reckless; (2) the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; (3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress must be severe." *Stringer v. Wal–Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004) (citations omitted). Thus, in order to prevail on her outrage claim, Plaintiff would need to show that the Cabinet's *reduction* of her benefit was "a deviation from all reasonable bounds of decency and is utterly intolerable in a civilized community." *Id.* at 791. Even viewing the facts in Plaintiff's favor, they could not reasonably be read to satisfy this burden; consequently, the outrage claim fails as a matter of law.

### III. CONCLUSION

This dispute springs from the Plaintiff's disagreement with the Cabinet's decision on her SNAP benefits. The State has provided a reasonable process for her to raise that objection. Plaintiff is not entitled to present this Court with unsubstantiated claims that merely restate or recharacterize her single valid dispute. This Court directs Plaintiff to Federal Rule of Civil Procedure 11, which, in part, requires parties filing with the Court to certify that their "claims . . . and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for

establishing new law." Fed. R. Civ. P. 11; *see also* Ky. R. Civ. P. 11 (state companion rule establishing essentially identical standard). Plaintiff should pay careful attention to the component of Rule 11 describing sanctions before filing with this Court, or any other, in the future. Fed. R. Civ. P. 11(c).[2]

For the reasons discussed herein, Defendants are entitled to summary judgment on all of Plaintiff's claims with the exception of her petition for review of the Cabinet's decision. This Court has discretion not to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) when, as here, all claims over which there existed original jurisdiction are dismissed. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). Accordingly, **IT IS ORDERED** as follows:

1. Defendants' Motion for Partial Judgment on the Pleadings, or in the alternative, Partial Summary Judgment (DE 3) is **GRANTED**;

2. Plaintiff's claims under the ADA (Count 1) are **DISMISSED WITH PREJUDICE**;

3. Plaintiff's claims under 42 U.S.C. § 1983 (Count 2) are **DISMISSED WITH PREJUDICE**;

4. Plaintiff's claims under the Kentucky Civil Rights Act (Count 3) are **DISMISSED WITH PREJUDICE**;

5. Plaintiff's outrageous conduct claim (Count 4) is **DISMISSED WITH PREJUDICE**;

6. This matter is **REMANDED** to the Madison County Circuit Court for resolution of Plaintiff's petition for judicial review under KRS Chapter 13B;

---

[2] Massachusetts' courts and the United States Supreme Court have previously warned Plaintiff about her litigation tactics. See, e.g., Erickson v. Lau, 559 U.S. 1104 (2010) ("petitioner has repeatedly abused this Court's process").

7. All other pending motions are **DENIED AS MOOT**;

8. This matter is **STRICKEN** from the Court's active docket.

Dated September 25, 2015

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY