UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CIVIL ACTION NO. 14-CV-0375-KKC

Eastern District of Kentucky
**FILED**
OCT 20 2015
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

HEIDI ERICKSON,
*Plaintiff/Appellant,*
VS.

COMMONWEALTH OF KENTUCKY, CABINET OF HEALTH AND FAMILH SERVICES, AUDREY HAYNES, SECRETARY; DIVISION of COMMUNITY BASED SERVICES, and TERESA JAMES, COMMISSIONER.
*Defendants/Appellees.*

**PLAINTIFF'S NOTICE OF APPEAL**

Plaintiff files her APPEAL NOTICE from the Decision issued on 9/25/15 entitled Memorandum, Opinion and Order, in its entirety. The Decision is absurd. Appellant points out the apparent present state of affairs regarding disputes raised by individuals like this movant who are impoverished, as if her claims somehow do not require the analysis demanded of a U.S. Court, exampled by this Decision with its inaccurate citations, unsupported conjecture and factually without reference to the record as required in KRS 13B140.

This Appeal necessary since this Decision reduces the Plaintiff to being unqualified for a "special benefit", full of conjectures including an uncited reference on the USDA's intent that the SNAP benefit is "were best allocated to aid those [specific] classes of disabled persons [not the type of disability Plaintiff suffers]" and "Plaintiff's filing make clear that the perceived basis of the wrongs she was subjected to arose from the reduction of her SNAP benefits." This is absurd Plaintiff's claim is based on the Cabinets failure follow federal regulatory laws, state regulatory laws during its tabulation of her SNAP benefits (Cabinet incorrectly calculated her federal benefits) the Hearing Officer agreed, then Cabinet failed to follow the authority the state regulatory laws allow KRS13B120(4). The Decision is absurd *because* it is without the *record* and finds anything about the Plaintiff's specifically details on recertification periods because at all material times including today Plaintiff has been a qualified recipient *Banks v Block,* 700 F.2d 292 , 297 (6th Cir.1983) inapplicable. SNAP benefits are a known protected property interest. This Appeal regarding the decision the Cabinet made about Ms. Erickson's recertification and tabulation of SNAP benefits disallowing her "*allowable* medical deductions from her gross income on all medical aids" including her 'Service Dog' 7 USC 273.9(d) 7 USC 273.13, 273.15, 273.9(d) and Title II Part 35.136, failure to allow program access to my federal benefits is discrimination and deprivation of the property interests. 42 USC section 1983 appropriate and the Act's legislation makes it clear, by Congress who specifically provided a private right of action. See 28 C.F.R. Part 35

This Decision's finding absurd:"The USDA is entitled in respect for its decision that SNAP's {sic} limited resources were best allocated to aid those classes of disabled individuals with the greatest need for "service animal" support. The promulgated regulations reflect their conclusion that the hearing and vision impaired were most in need of such benefits." (pg.5 of 9) no reference or citation is provided. David Youngblood, Director of Civil Rights for the USDA Office, His absolutely disagrees to this absurdity. The District Court's analysis is unsubstantiated and cannot

compare Ms. Erickson to a decision *Banks v Block,* 700 F.2d 292, 297 (6th Cir.1983) because at all relevant times herein Ms. Erickson was, and remains a qualified recipient of SNAP benefits unlike *Banks* who was unqualified. The facts in this record which the District **did not review** (KRS13B.140 Complaint), the *Record* was not docketed and will show by overwhelming evidence Ms. Erickson requested a fair during her certification period, the Hearing Officer followed the federal regulatory law in 7 USC 273.13, 273.15, 273.9(d) and Title II Part 35.136, whereas the Cabinet did not by and through the Commissioner, not the Secretary as KRS13B requires, issued a Final Order over 224 days (late and/or out-of-time) according to KRS13B.120(4) these actions fundamentally deprived Ms. Erickson due process, federal benefits and resulted in discrimination all actionable under 42 USC section 1983 and Title II of the ADA (42 USC section . The decision issued on 9/25/15 had no record, its findings fail as a matter of law and are an abuse of discretion.

1. The Plaintiff respectfully requests this Honorable Court and its Clerk to assemble the file and transmit it to the 6th Circuit Court of Appeals without delay.

Respectfully submitted, by HEIDI K. ERICKSON,
bluegrass.heidi@yahoo.com PO BOX #2, BIGHILL, KY 40405, 859-684-2600,

By signature above I, Heidi K. Erickson attest under the pains & penalties of perjury these Facts herein are true. I verify delivery of a true copy of this document by email to Brent Irvin moving party KY Cabinet of Health and Family Services Offices of Legal Services, 275 E. Main Street, 5W-B Frankfort, KY 40621 and to Jack Conway, Attorney General: Office of the Attorney General, 700 Capital Avenue, Suite 118 Frankfort, KY 40601-3449 (brent.irvin@ky.gov and jack.conway@ky.gov and alternatively jack.conway@oagky.gov) by USPS postage prepaid today 10/12/15

( Notary Public of the COMMONWEALTH OF KENTUCKY MADISON COUNTY )
Subscribed and sworn to before me by the above-named Heidi K. Erickson this 10/15 day of 2015

NOTARY: *Annie E. F. Welch*
Notary at Large
Madison, Co.